**DEERA HOMES, INC., Plaintiff,**

v.

**METROBANK FOR SAVINGS, FSB, f/k/a Morsemers Federal Savings Bank and Resolution Trust Corporation as receiver for Metrobank for Savings, FSB, Defendants.**

**No. CV 92–4099.**

United States District Court,
E.D. New York.

Feb. 11, 1993.

James C. Schultz, Hauppauge, NY, for plaintiff.

Whitman & Ransom by John P. Langan, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Deera Homes, Inc. ("Deera Homes"), plaintiff in the above-referenced action, seeks to declare as void a mortgage and note executed by Metrobank for Savings ("Metrobank") in the principal amount of $3,500,000, claiming that Metrobank purposefully, deliberately, and fraudulently failed to adhere to a schedule of payments on the loan. The Resolution Trust Company ("RTC" or "defendant"), receiver for Metrobank, moves to dismiss Deera Homes' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction, and pursuant to Rule 12(b)(6) on the ground that plaintiff failed to state a claim upon which relief can be granted. The RTC also moves to cancel plaintiff's notice of pendency pursuant to New York Civil Practice Law and Rules § 6512. For the reasons discussed below, defendant's motions are granted.

## I. BACKGROUND

On June 28, 1991, the RTC was appointed receiver for Metrobank. Pursuant to 12 U.S.C. § 1821(d)(3)(B), notices were published in the *Record*, a newspaper published in Bergen County, New Jersey, informing Metrobank's creditors that any claims against the bank, together with supporting proof, had to be filed by October 1, 1991. On or about June 29, 1991, pursuant to 12 U.S.C. § 1821(d)(3)(C), formal letters of notification were sent to individual creditors whose names appeared on the books of Metrobank.

On August 13, 1992, Deera Homes filed a notice of pendency with the Suffolk County Clerk's office with respect to certain prop-

erty located in Brookhaven, New York. On September 18, 1992, a summons and complaint was served on the RTC as receiver for Metrobank, seeking to declare as void a mortgage and note executed by Metrobank in the principal amount of $3,500,000, claiming that Metrobank purposefully, deliberately, and fraudulently failed to adhere to a schedule of payments on the loan. On or about November 24, 1992, the RTC sent a letter to plaintiff's attorney, advising him that claimants of Metrobank must file their claims with the RTC before seeking judicial review of such claims. Defendant never received a proof of claim from plaintiff. (Declaration of Lorraine Dashkiewicz, p. 2).

Following the receipt of plaintiff's complaint, on or about October 6, 1992, the note and mortgage which are the basis of this action were sold by the RTC to Kislak National Bank of Miami, Florida.

## II. DISCUSSION

### A. *Plaintiff's Motion for Dismissal Based on Lack of Subject Matter Jurisdiction*

Congress enacted the Financial Institution Reform, Recovery, and Enforcement Act (FIRREA) in 1989, establishing a comprehensive administrative claims process by which the creditors and claimants of failed banks could have their claims determined. After the RTC is appointed receiver of a failed institution, the RTC must "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver" by a specified date not less than ninety days from the date of publication. 12 U.S.C. § 1821(d)(3)(B)(i). FIRREA also requires that the RTC mail notice similar to the published notice to the individual creditors who appear on the bank's books. 12 U.S.C. § 1821(d)(3)(C). After the claim is submitted with the requisite proof, the RTC has one hundred eighty days to determine whether to allow or disallow it. 12 U.S.C. § 1821(d)(5)(A)(i). Upon disallowance, or the RTC's failure to make a determination within the allotted period, the claimant may seek judicial review in the district court. 12 U.S.C. § 1821(d)(6)(A).

Claimants who fail to adhere to the statute's requirements, however, forfeit their right to judicial review. 12 U.S.C. § 1821(d)(13)(D).

■ In the present case, the RTC asserts, and plaintiff does not deny, that the RTC complied with the notice requirements set forth in § 1821(d)(3)(B) and (C). Moreover, after the RTC received notice of plaintiff's complaint, it advised plaintiff that all claims against Metrobank must be submitted to them for determination prior to any judicial review. The RTC never received plaintiff's proof of claim as required by FIRREA. Since plaintiff failed to exhaust its administrative remedies, this Court does not have jurisdiction to hear the claims asserted in its complaint. *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir.1991); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 393 (3d Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991); *Circle Industries v. City Federal Sav. Bank*, 749 F.Supp. 447, 452 (E.D.N.Y.1990), *aff'd*, 931 F.2d 7 (2d Cir.1991).

■ Plaintiff asserts that the present claim is not an action against Metrobank, but is instead an action attacking the validity of the loan agreement between plaintiff and Metrobank. Plaintiff therefore contends that this claim is not subject to the procedural requirements of FIRREA, and may properly be submitted for immediate judicial review. Title 12 U.S.C. § 1821(d)(13)(D)(i), however, states that "no court shall have jurisdiction over ... *any action* seeking a determination of rights with respect to, the assets of any depository institution for which [the RTC] has been appointed receiver...." (emphasis added). The note and mortgage that was held by Metrobank was clearly an asset of the depository institution. Plaintiff is therefore seeking a determination of its rights with respect to an asset of Metrobank, and compliance with FIRREA is mandatory. As stated above, a claimant's failure to comply with the requirements of FIRREA warrants dismissal of the complaint in federal court for lack of subject matter jurisdiction. *Capital Data Corp. v. Capital Nat.*

*Bank,* 778 F.Supp. 669, 677 (S.D.N.Y.1991); *In the Matter of the Liquidation of First City Nat. Bank & Trust Co.,* 759 F.Supp. 1048, 1053 (S.D.N.Y.1991); *Resolution Trust Corp. v. Elman,* 761 F.Supp. 245, 249 (S.D.N.Y.1991), *aff'd,* 949 F.2d 624 (2d Cir.1991); *Circle Industries,* 749 F.Supp. at 453. Accordingly, defendant's motion for dismissal based on lack of subject matter jurisdiction is granted.

### B. *Defendant's Motion for Dismissal Based on Plaintiff's Failure to State a Claim Upon Which Relief Can Be Granted*

■ In any event, even if this Court had subject matter jurisdiction, defendant's motion for dismissal would be granted based on plaintiff's failure to state a claim upon which relief could be granted. In its complaint, plaintiff asserts that Metrobank "purposefully, deliberately, and *fraudulently*" failed to adhere to the schedule of payments in its loan agreement with plaintiff (Complaint, ¶ 10, emphasis added). Plaintiff further alleges that Metrobank made "several representations that it would continue to honor its original agreement even if Plaintiff signed away its rights under the original commitment." (Complaint, ¶ 14). Plaintiff is referring to an alleged oral agreement between plaintiff and Metrobank, which modifies the written loan agreement.

Title 12 U.S.C. § 1823(e)(1), a codification of the *D'Oench* Doctrine, provides that "an agreement which tends to diminish or defeat the interest of the [RTC] in any asset acquired by it under this section or section 1821 of this title ..." shall not be valid against the RTC unless such agreement: (1) is in writing; (2) was executed by the bank and the borrower contemporaneously with the bank's acquisition of the asset; (3) was approved by the board of directors of the bank or its loan committee; and (4) is an official record of the bank. *See D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

Plaintiff asserts that Metrobank orally agreed to alter the terms of the written agreement, thereby diminishing the interest of the RTC in the note and mortgage. Title 12 U.S.C. § 1823(e) requires that this type of agreement be in writing and kept as an official record of the bank. Because plaintiff cannot produce any written agreement, it is precluded from raising this claim. Furthermore, because plaintiff's entire fraud claim is based on an alleged oral misrepresentation made by Metrobank, plaintiff has failed to state a claim upon which relief can be granted. Consequently, even if this Court did have subject matter jurisdiction, defendant's motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure would be granted.

### C. *Defendant's Motion to Cancel the Notice of Pendency*

■ New York Civil Practice Law and Rules § 6512 states:

A notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, a summons is served upon the defendant.

Failure to comply with the thirty day rule results in mandatory cancellation of the notice. CPLR § 6514(a). In the present case plaintiff filed its notice of pendency with the Suffolk County Clerk's office on August 13, 1992. Plaintiff's summons and complaint were served on defendant on September 18, 1992, more than thirty days after the filing of the notice of pendency. Accordingly, defendant's motion to cancel the notice of pendency pursuant to CPLR § 6514(a) is granted.

### III. CONCLUSION

For the foregoing reasons, the RTC's motion to dismiss pursuant to the Rule 12(b)(1) of the Federal Rules of Civil Procedure and its motion to cancel plaintiff's notice of pendency pursuant to CPLR § 6514(a) are granted.

SO ORDERED.